United States Court of Appeals,

Eleventh Circuit.

No. 94-8768.

In re: Keith WALKER, Debtor.

Frank B. HOPE, Plaintiff-Appellant,

v.

Keith WALKER, Defendant-Appellee.

March 30, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (2:93-cv-145-WCO), William C. O'Kelley, Chief Judge.

Before BIRCH and DUBINA, Circuit Judges, and MORGAN, Senior Circuit Judge.

BIRCH, Circuit Judge:

In this appeal, we decide whether an employer's failure to obtain statutorily required workers' compensation insurance constitutes a willful and malicious injury under 11 U.S.C. § 523(a)(6). The district court held that such failure was not a willful and malicious injury; thus, the employer's resulting debt to an injured employee was dischargeable in bankruptcy. We AFFIRM.

I. BACKGROUND

Debtor-appellee Keith Walker hired creditor-appellant Frank Hope to perform construction work on a house. In the course of his employment, Hope fell from a height of eight feet and broke his forearm and elbow, resulting in medical expenses, lost wages, and permanent partial disability. Although Georgia state law requires general contractors to obtain workers' compensation insurance for

their subcontractors,[1] Walker had failed to obtain such coverage by the time of Walker's accident. Walker claims that he did not insure his workers because he did not consider himself the general contractor for the construction project and because he believed that Hope and his coworkers were responsible for securing their own insurance.

Hope sued Walker for compensation for his injuries, and the State Board of Workers' Compensation awarded Hope $27,939.41 in temporary and permanent partial disability benefits, medical costs, mileage, attorneys' fees, interest, and penalties, plus reasonable future medical costs related to Hope's injuries. After paying a fraction of the ordered amount, Walker filed for Chapter 7 bankruptcy. Hope countered with a complaint requesting that his award be declared nondischargeable under 11 U.S.C. § 523(a)(6) as a debt resulting from a willful and malicious injury. On cross-motions for summary judgment, the bankruptcy court dismissed Hope's claim, reasoning that Walker's failure to obtain insurance was not the direct cause of Hope's injuries and citing the policy of strictly construing exceptions to discharge. The district court affirmed for the same reasons.

## II. DISCUSSION

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[1] O.C.G.A. § 34-9-8. Refusal or willful neglect to obtain workers' compensation insurance where required is a misdemeanor. O.C.G.A. § 34-9-126.

to judgment as a matter of law." Fed.R.Civ.P. 56(c). A moving party is entitled to summary judgment if the nonmoving party has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). We review the bankruptcy court's grant of summary judgment *de novo,* applying the same legal standards used by the trial court. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1117 (11th Cir.1993).

Section 523(a)(6) of the Bankruptcy Code excepts from discharge in bankruptcy "any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). We have interpreted "willful" to require "a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another." *Lee v. Ikner (In re Ikner),* 883 F.2d 986, 991 (11th Cir.1989)[2]; *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1263 (11th Cir.1988). As used in section 523(a)(6), "malicious" means " "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.' " *In re Ikner,* 883 F.2d at 991 (quoting *Sunco Sales, Inc. v. Latch (In re Latch),* 820 F.2d 1163, 1166 n. 4 (11th Cir.1987)). Malice may be implied or constructive. *Id.* ("Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of

---

[2]The distinction between an intentional act and an intentional injury, while critical to the present case, was not at issue in *In re Ikner.* Thus, we do not consider our use of the word "act" in *In re Ikner,* 883 F.2d at 991, to be controlling here.

malice.").  In other words, "a showing of specific intent to harm another is not necessary."  *Id.*

It is undisputed that Walker's failure to obtain insurance was a willful act in that it was not the result of an accident or inadvertence, but was founded upon a putatively mistaken belief. Thus, the central issue in this case is whether a deliberate and intentional *act* that results in injury may constitute a "willful and malicious *injury* " under section 523(a)(6), or whether the debtor must intend the actual injury before the resulting debt may be nondischargeable.  The majority of circuits that have addressed this issue have strictly interpreted section 523(a)(6) to require that the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury.[3]

---

[3]*See, e.g., Conte v. Gautam (In re Conte),* 33 F.3d 303, 307 (3rd Cir.1994) ("We hold that actions are willful and malicious within the meaning of § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury.");  *Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek),* 983 F.2d 1524, 1527 (10th Cir.1993) (" "[W]illful and malicious injury' occurs when the debtor, without justification or excuse, and with full knowledge of the specific consequences of his conduct, acts notwithstanding, knowing full well that his conduct will cause particularized injury.  Such a standard is consistent with our rule that § 523(a)(6) requires not only intentional conduct on the part of the debtor, but also intentional or deliberate injury.");  *Vulcan Coals, Inc. v. Howard,* 946 F.2d 1226, 1228-29 (6th Cir.1991) (explicitly rejecting the very strict view that § 523(a)(6) requires an intent to cause injury, but adopting a narrow interpretation of "willful and malicious" that requires "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse");  *Cassidy v. Minihan,* 794 F.2d 340, 343-44 (8th Cir.1986) ("We believe that the [legislative history of § 523(a)(6) ] persuasively indicates congressional intent to allow discharge of liability for injuries unless the debtor intentionally inflicted an injury.");  *Kelt v. Quezada (In re Quezada),* 718 F.2d 121, 123 (5th Cir.1983) (holding that a creditor must demonstrate "conduct designed to cause deliberate or intentional injury" to establish a "willful and malicious injury" under § 523(a)(6)).

Only the Ninth Circuit has held that an intent to do the act at issue is sufficient to render the resulting injury "willful" under section 523(a)(6). *Britton v. Price (In re Britton),* 950 F.2d 602, 605 (9th Cir.1991). Even this disagreement is minimized, however, as the Ninth Circuit interpreted "malicious" to require a showing that the act in question " "necessarily produces harm and is without just cause or excuse ... even absent proof of a specific intent to injure.' " *Id.* (quoting *Impulsora del Territorio Sur v. Cecchini (In re Cecchini),* 780 F.2d 1440, 1443 (9th Cir.1986)).

We follow our sister courts in concluding that, in order to be "willful" under section 523(a)(6), the debtor must have intended more than merely the act that results in injury. Congress has been very clear in expressing its intention in section 523(a)(6). The plain language of section 523(a)(6) excepts from discharge debts arising from "willful and malicious injury" rather than "willful and malicious acts which cause an injury." *Eaves v. Hampel (In re Hampel),* 110 B.R. 88, 93 (Bankr.M.D.Ga.1990); *see also Farmers Insurance Group v. Compos (In re Compos),* 768 F.2d 1155, 1158 (10th Cir.1985) (" "Willful' modifies "injury.' Section 523(a)(6) does not except from discharge intentional acts which cause injury; it requires instead an intentional or deliberate injury."). In reenacting this language in the Bankruptcy Reform Act of 1978, both houses of Congress stated that "[u]nder this paragraph "willful' means deliberate or intentional. To the extent that *Tinker v. Colwell,* 193 U.S. 473[, 485, 24 S.Ct. 505, 508, 48 L.Ed. 754] (1902) [ (1904) ] held that a less strict standard is intended, and to the extent that other cases have relied on *Tinker* to apply a

"reckless disregard' standard, they are overruled."  S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865 (citation omitted); *see also* H.R.Rep. No. 595, 95th Cong., 2d Sess. 365 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320-21.  Mindful of our obligation to construe strictly exceptions to discharge in order to give effect to the fresh start policy of the Bankruptcy Code, *Equitable Bank v. Miller (In re Miller),* 39 F.3d 301, 304 (11th Cir.1994), we hold that section 523(a)(6) requires a deliberate or intentional injury.

As the Third Circuit noted in *Conte v. Gautam (In re Conte),* 33 F.3d 303, 308 (3rd Cir.1994), however, intent is not limited to the consequences that an actor consciously desires:  "under the common law "[t]he word "intent ... denote[s] that the actor desires to cause consequences of his act, *or* that he believes that the consequences are substantially certain to result from it." ' " *Id.* (quoting *Restatement (Second) of Torts* § 8A (1979) (alterations and emphasis in original)).  Because Congress reenacted section 523(a)(6) in the context of the common law, we conclude that a debtor is responsible for a "willful" injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury. *See id.* Applying the rule in this case, it is clear that Hope's physical injury was not substantially certain to result from Walker's failure to obtain workers' compensation insurance.  While Walker's failure to act did result in Hope's lack of coverage *after* the latter's accident, it cannot be said that Walker intended for Hope to suffer a fall or that there was an unbroken chain of events leading from Walker's

intentional act to Hope's physical injury.

Hope's secondary argument is that his true injury was the loss of his statutory right to workers' compensation insurance protection. Thus, because Hope's economic injury was a necessary and direct result of Walker's failure to obtain such coverage, Walker must have intended that economic injury. There is some support for this view among the bankruptcy courts. *See, e.g., Strauss v. Zielinski (In re Strauss),* 99 B.R. 396, 399 (N.D.Ill.1989) ("[T]he injury to be concentrated on in the instant case is not the injury to the appellee's eye but to his statutory right to insurance protection from monetary loss due to injuries suffered at work. Undoubtedly, this right of the appellee was injured by the appellant's failure to procure workman's compensation insurance." (citation omitted)); *Hester v. Saturday (In re Saturday),* 138 B.R. 132, 135 (Bankr.S.D.Ga.1991) ("[I]t is foreseeable that workers will sustain on-the-job injuries and to the extent that an employer fails to provide insurance as required by law that failure necessarily causes economic injury to any worker who sustains a physical one."); *Vig v. Erickson (In re Erickson),* 89 B.R. 850, 853 (Bankr.D.Idaho 1988); *Juliano v. Holmes (In re Holmes),* 53 B.R. 268, 270 (Bankr.W.D.Pa.1985). However, Hope has failed to cite, and we cannot locate, any persuasive or binding authority to convince us that statutorily required workers' compensation benefits are property, distinguishable from the rights of any other creditor against a debtor.

More importantly, this type of "injury" is nothing more than

a recasting of the "reckless disregard" standard expressly rejected by Congress and by this court. *American Cast Iron Pipe Co. v. Wrenn (In re Wrenn),* 791 F.2d 1542, 1544 (11th Cir.1986) (per curiam) ("[A]n act in reckless disregard of the rights of others is insufficient to constitute "willful and malicious' conduct for purposes of 11 U.S.C. § 523(a)(6)."); *Chrysler Credit Corp.,* 842 F.2d at 1263; S.Rep. No. 989, at 79, 1978 U.S.C.C.A.N. at 5865; H.R.Rep. No. 595, at 365, 1978 U.S.C.C.A.N. at 6320-21. Operating without insurance is a clear example of recklessness: the failure to insure does not guarantee that an employee will suffer a physical or economic injury while on the job. The employer's failure to secure workers' compensation coverage mandated by the state legislature may subject him to criminal penalties including imprisonment, *see* O.C.G.A. §§ 34-9-126(b), 17-10-3(a), but it does not follow that his discharge in bankruptcy is to be denied as an additional penalty. Moreover, we reject the argument that a loss of workers' compensation insurance *per se* is an injury under section 523(a)(6).

## III. CONCLUSION

Hope argues that Walker's intentional failure to obtain statutorily required workers' compensation insurance constitutes a "willful and malicious injury" under section 523(a)(6). We conclude that Walker did not intend to injure Hope and that Hope's physical injuries were not substantially certain to occur as a result of Walker's failure to act. Accordingly, we AFFIRM the district court's decision to dismiss Hope's claim on summary judgment.