United States Court of Appeals,

Fifth Circuit.

No. 96-30513

(Summary Calendar).

In the Matter of David Alan DELANEY, Debtor.

Danny CORLEY, Jr., also known as Bo Corley, Appellant,

v.

David Alan DELANEY, Appellee.

Oct. 21, 1996.

Appeal from the United States District Court for the Western District of Louisiana.

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:

This appeal, before us for the second time,[1] arises in the context of bankruptcy proceedings. It represents the first occasion for us to address the dischargeability, under 11 U.S.C. § 523(a)(6), of a judgment debt arising from a debtor's accidental firing of a firearm—albeit one which he intentionally loads and carries to a confrontation—that causes unintended bodily injury to his eventual judgment creditor. Agreeing with the district court to which both the initial and post-remand rulings of the bankruptcy court were appealed, as well as with the majority of circuit courts that have directly addressed this issue, we hold that such debts are dischargeable, and therefore affirm the post-remand ruling of the bankruptcy court to that effect.

I

FACTS AND PROCEEDINGS

The debt for which Debtor-Appellee David Alan Delaney, a teenaged adult who lived with his parents, sought and ultimately received discharge in bankruptcy resulted from a final and

---

[1]The first time up we determined that the district court's judgment on appeal from the bankruptcy court was not final, and we dismissed the appeal accordingly. *Delaney v. Corley,* 77 F.3d 476 (5th Cir.1995).

executory judgment in a state court negligence action. That suit was brought by Appellant Danny "Bo" Corley, Jr., another teen-aged adult and sometimes-friend of Delaney. Corley sought and obtained a judgment for damages occasioned by the injuries he had incurred in the wee hours of the morning while seated as a passenger in a car that had come to a halt in the Delaney driveway. Corley was injured when a shotgun, which Delaney had intentionally loaded, carried, and aimed at Corley through the car's windshield, went off by accident. The shotgun discharged after Delaney—with his finger on the trigger—twice tapped the gun barrel on the windshield of the car.

The factual details of the incident are set forth in the published opinion of the state court of appeal and are therefore not reiterated here.[2] It suffices that the uncontested facts in the underlying state law negligence case show that Delaney, in anticipation of a confrontation and possible fight with Corley outside Delaney's parents' house, loaded his double-barreled shotgun and took it with him to face Corley, who remained seated in the car that had stopped in the Delaneys' front driveway. It is equally undisputed that the discharge of the gun and the resulting injuries to Corley were not intended by Delaney and that his twice tapping the gun barrel on the windshield was, as Corley himself testified, intended "to get my attention."

II

ANALYSIS

At the heart of this case is the question whether, for a debtor to be denied discharge under § 523(a)(6) of a debt arising from his infliction of death or bodily injury, it is the *act* or the *injury* that must be willful and malicious. This issue was recently crystallized by the Eleventh Circuit in *In re Walker,* in which that court stated that the central question in such cases is:

> [W]hether a deliberate and intentional *act* that results in injury may constitute a "willful and malicious *injury* " under Section 523(a)(6), or whether the debtor must intend the actual injury before the resulting debt may be nondischargeable.[3]

---

[2]*See Corley v. Delaney,* 629 So.2d 1255, 1256-57 (La.App. 3d Cir.1993) *writ denied* 637 So.2d 156 (La.1994).

[3]*In re Walker,* 48 F.3d 1161, 1164 (11th Cir.1995) (emphasis in original).

2

The Eleventh Circuit went on to note that:

> The majority of circuits that have addressed this issue have strictly interpreted section 523(a)(6) to require that the debtor either *intend* the resulting injury *or intentionally take action* that is *substantially certain* to cause the injury....[4]

Today we join that circuit majority,[5] as did the Eleventh Circuit in *In re Walker,* by holding that, for willfulness and malice to prevent discharge under § 523(a)(6), the debtor must have intended the actual injury that resulted.[6] As succinctly stated by a bankruptcy court in Georgia, "the plain language of Section 523(a)(6)" excepts from discharge debts arising from "willful and malicious injury' rather than "willful and malicious acts which cause an injury.'[7]

Here, Delaney unquestionably acted intentionally when he loaded the shotgun, took it with him to the confrontation with Corley, and, with his finger on the trigger, twice tapped the barrel of the gun on the windshield of the car to get Corley's attention. In contrast, however, the firing of the gun was neither deliberate nor intentional; on the contrary, it was wholly unintentional, even though possibly not wholly unforeseeable. It follows that, under our (and the majority of the circuits') reading of § 523(a)(6), Delaney did not intend Corley's *injury*—or any injury for that matter. Thus

---

[4]*Id.* (emphasis added).

[5]*See id.* at n. 3 regarding the positions taken by other circuits.

[6]We note that in cases involving the application of intentional injury exclusions found in liability insurance policies, Louisiana makes an identical distinction between intentional acts and intended injuries as the one we make here. *See Breland v. Shilling,* 550 So.2d 609, 611-614 (La.1989) (holding that proper inquiry is not whether plaintiff's alleged injuries were caused by intentional acts by insured, but whether insured subjectively intended to inflict plaintiff's specific alleged injuries or reasonably expected that these injuries would follow from his conduct). Texas also appears to follow a similar rule, *see State Farm Fire & Cas. Co. v. S.S. & G.W.,* 858 S.W.2d 374, 378 (Tex.1993) (following Restatement (Second) of Torts rule that "an insured intends to injure or harm another if he intends the consequences of his act, or believes that they are substantially certain to follow"). It is unclear to us just what rule Mississippi follows at this time. *See Davis v. Continental Cas. Co.,* 560 F.Supp. 723, 728-29 (D.Miss.1983); *Freed v. Protective Life Ins. Co.,* 405 F.Supp. 175, 181 (S.D.Miss.1975), *aff'd,* 551 F.2d 861 (5th Cir.1977). Finally, we note that numerous other states also appear to follow the view that for such an exclusion to apply an insured must have intended his act and have intended to cause some kind of injury. *See* Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured* § 5[a], 31 A.L.R.4th (1984 and Supp.1995).

[7]*Eaves v. Hampel (In re Hampel),* 110 B.R. 88, 93 (Bankr.M.D.Ga.1990).

the injury was not "willful and malicious" on the part of Delaney: He neither intended the injury nor intentionally took action that was "substantially certain" to cause the injuries that Corley suffered. Consequently, as ultimately held by both the bankruptcy court and the district court, the negligence judgment debt was and remains dischargeable in bankruptcy.

The findings of fact by the bankruptcy court on remand, like those by the district court both before and after remand, were not clearly erroneous. And our de novo review of the applicable law comports with those of the district court and of the bankruptcy court on remand. The determination of dischargeability by the bankruptcy court on remand, as affirmed by the district court, is in all respects

AFFIRMED.