In the Matter of David Alan
DELANEY, Debtor.

Danny CORLEY, Jr., also known
as Bo Corley, Appellant,

v.

David Alan DELANEY, Appellee.

No. 96–30513
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1996.

Charles Gregory Gravel, Gravel, Shannon & Cespiva, Alexandria, LA, for appellant.

Stephen D. Wheelis, Richard Alan Rozanski, Provosty, Sadler & DeLaunay, Alexandria, LA, Thomas C. McBride, McBride & Collier, Alexandria, LA, for appellee.

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

## SUBSTITUTE OPINION *

PER CURIAM:

This appeal, before us for the second time,[1] arises in the context of bankruptcy proceedings. It represents the first occasion for us to address the dischargeability, under 11 U.S.C. § 523(a)(6), of a judgment debt arising from a debtor's accidental firing of a firearm—albeit one which he intentionally loads and carries to a confrontation—that causes unintended bodily injury to his eventual judgment creditor. Agreeing with the district court to which both the initial and post-remand rulings of the bankruptcy court were appealed, as well as with the majority of circuit courts that have directly addressed similar dischargeability issues, we hold that such debts are dischargeable, and therefore affirm the post-remand ruling of the bankruptcy court to that effect.

## I

### FACTS AND PROCEEDINGS

The debt for which Debtor–Appellee David Alan Delaney, a teen-aged adult who lived with his parents, sought and ultimately received discharge in bankruptcy resulted from a final and executory judgment in a state court negligence action. That suit was brought by Appellant Danny "Bo" Corley, Jr., another teen-aged adult and sometimes-friend of Delaney. Corley sought and obtained a judgment for damages occasioned by the injuries he had incurred in the wee hours of the morning while seated as a passenger in a car that had come to a halt in the Delaney driveway. Corley was injured when a shotgun, which Delaney had intentionally loaded, carried, and aimed at Corley through the car's windshield, went off by accident. The shotgun discharged after Delaney—with his finger on the trigger—twice tapped the gun barrel on the windshield of the car.

The factual details of the incident are set forth in the published opinion of the state court of appeal and are therefore not reiterated here.[2] It suffices that the uncontested facts in the underlying state law negligence case show that Delaney, in anticipation of a confrontation and possible fight with Corley outside Delaney's parents' house, loaded his

---

* The original opinion in this case, published under date of October 21, 1996, is withdrawn, and is replaced by this substitute opinion.

1. The first time up we determined that the district court's judgment on appeal from the bankruptcy court was not final, and we dismissed the appeal accordingly. *Delaney v. Corley,* 77 F.3d 476 (5th Cir.1995).

2. *See Corley v. Delaney,* 629 So.2d 1255, 1256–57 (La.App. 3d Cir.1993), *writ denied* 637 So.2d 156 (La.1994).

double-barreled shotgun and took it with him to face Corley, who remained seated in the car that had stopped in the Delaneys' front driveway. It is equally undisputed that the discharge of the gun and the resulting injuries to Corley were not intended by Delaney and that his twice tapping the gun barrel on the windshield was, as Corley himself testified, intended "to get my attention."

## II

### ANALYSIS

At the heart of this case is the question whether, for a debtor to be denied discharge under § 523(a)(6) of a debt arising from his infliction of death or bodily injury, it is the *act* or the *injury* that must be willful and malicious. This issue was recently crystallized by the Eleventh Circuit in *In re Walker*, in which that court stated that the central question in such cases is:

> [W]hether a deliberate and intentional *act* that results in injury may constitute a "willful and malicious *injury*" under Section 523(a)(6), or whether the debtor must intend the actual injury before the resulting debt may be nondischargeable.[3]

The Eleventh Circuit went on to note that: The majority of circuits that have addressed this issue have strictly interpreted section 523(a)(6) to require that the debtor either *intend* the resulting injury or inten-

*tionally take action* that is *substantially certain* to cause the injury....[4]

Indeed, the majority to which the Eleventh Circuit alluded includes the Fifth Circuit, for in *In re Quezada*[5] we held that a creditor must demonstrate "conduct designed to cause deliberate or intentional injury" to establish a "willful and malicious injury" under § 523(a)(6). Accordingly, today we reaffirm our place in the circuit majority identified in *In re Walker* by holding that, for willfulness and malice to prevent discharge under § 523(a)(6), the debtor must have intended the actual injury that resulted.[6] As indicated in *Quezada* and *Walker*, intent to injure may be established by a showing that the debtor intentionally took action that necessarily caused, or was substantially certain to cause, the injury.[7] As succinctly stated by a bankruptcy court in Georgia, "the plain language of Section 523(a)(6) excepts from discharge debts arising from 'willful and malicious injury' rather than 'willful and malicious acts which cause an injury.'"[8]

Here, Delaney unquestionably acted intentionally when he loaded the shotgun, took it with him to the confrontation with Corley, and, with his finger on the trigger, twice tapped the barrel of the gun on the windshield of the car to get Corley's attention. In contrast, however, the firing of the gun was neither deliberate nor intentional; on the contrary, it was wholly unintentional,

---

3. *In re Walker*, 48 F.3d 1161, 1164 (11th Cir. 1995) (emphasis in original).

4. *Id.* (emphasis added).

5. 718 F.2d 121, 123 (5th Cir.1983), *cert. denied*, 467 U.S. 1217, 104 S.Ct. 2662, 81 L.Ed.2d 368 (1984).

6. We acknowledge that in *Seven Elves v. Eskenazi*, 704 F.2d 241, 245 (5th Cir.1983), this court defined "willful and malicious" under § 523(a)(6) to mean "without just cause or excuse," elaborating that "willful means intentional and malicious adds the absence of just cause or excuse." To the extent that this language in *Seven Elves* might have been construed as supporting the "looser" standard for § 523(a)(6) by which a debt can be excepted from discharge if the action giving rise to the injury alone is intentional, it can no longer be thus construed. *Seven Elves* was decided in reliance on authority that was superseded by the repeal of § 17(a)(8) of the old Bankruptcy Act and by its replacement with present § 523(a)(6) of the Bankruptcy Code. Moreover, it was preceded by *In re Quezada* which, being the panel opinion that was first in

time, cannot be varied by the subsequent *Seven Elves* opinion. *See Quezada*, 718 F.2d at 122–23.

7. *See Quezada*, 718 F.2d at 123; *Walker*, 48 F.3d at 1165; *see also Conte v. Gautam (In re Conte)*, 33 F.3d 303, 308–09 & n. 2 (3d Cir.1994).

8. *Eaves v. Hampel (In re Hampel)*, 110 B.R. 88, 93 (Bankr.M.D.Ga.1990). We also note that in cases involving the application of intentional injury exclusions found in liability insurance policies, Louisiana makes an identical distinction between intentional acts and intended injuries as the one we make here. *See Breland v. Shilling*, 550 So.2d 609, 611–614 (La. 1989) (holding that proper inquiry is not whether plaintiff's alleged injuries were caused by intentional acts by insured, but whether insured subjectively intended to inflict plaintiff's specific alleged injuries or reasonably expected that these injuries would follow from his conduct). Texas also appears to follow a similar rule, *see State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 378 (Tex.1993) (following Restatement (Second) of Torts rule that "an insured intends to injure or harm another if he intends the consequences of his act, or believes that they are substantially certain to follow"). It is unclear to us just what rule Mississippi follows at this time.

even though possibly not wholly unforesee-able. It follows that, under our (and the majority of the circuits') reading of § 523(a)(6), Delaney did not intend Corley's *injury*—or any injury for that matter. Thus the injury was not "willful and malicious" on the part of Delaney: He neither intended the injury nor intentionally took action that was "substantially certain" to cause the injuries that Corley suffered. Consequently, as ultimately held by both the bankruptcy court and the district court, the negligence judgment debt was and remains dischargeable in bankruptcy.

The findings of fact by the bankruptcy court on remand, like those by the district court both before and after remand, were not clearly erroneous. And our de novo review of the applicable law comports with those of the district court and of the bankruptcy court on remand. The determination of dischargeability by the bankruptcy court on remand, as affirmed by the district court, is in all respects

AFFIRMED.

See *Davis v. Continental Cas. & Ins. Co.*, 560 F.Supp. 723, 728–29 (D.Miss.1983); *Freed v. Protective Life Ins. Co.*, 405 F.Supp. 175, 181 (D.Miss.1975), *aff'd*, 551 F.2d 861 (5th Cir.1977). Finally, we note that numerous other states also appear to follow the view that for such an exclusion to apply an insured must have intended his act and have intended to cause some kind of injury. *See* Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured* § 5[a], 31 A.L.R.4th 957 (1984 and Supp.1995).