101 F.3d 1081
 11 Tex.Bankr.Ct.Rep. 10
 In the Matter of Elwood CLUCK, Debtor.
Elwood CLUCK; Kristine A. Cluck; First Capital Mortgage
Company, Incorporated, Appellants,
v.
Randolph N. OSHEROW, Trustee; Thomas William McKenzie, Appellees.
 No. 95-50844
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1996.
 Elwood Cluck, San Antonio, TX, pro se.
 Kristine A. Cluck, San Antonio, TX, pro se.
 Thomas William McKenzie, San Antonio, TX, Randolph N. Osherow, Osherow & Davis, San Antonio, TX, for appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before POLITZ, Chief Judge, and DAVIS and DENNIS, Circuit Judges.
 POLITZ, Chief Judge:
 
 
 1
 Chapter 7 bankruptcy debtors Elwood Cluck, Kristine A. Cluck, and First Capital Mortgage Company, Incorporated challenge an order of the bankruptcy court approving the third interim fee application of Randolph N. Osherow, P.C. for services rendered as trustee's counsel. The debtors' appeal to the district court was dismissed for failure to file a timely appellate brief.
 
 
 2
 We must begin by a sua sponte examination of our jurisdiction over this appeal.[1] Every circuit which has addressed this issue has concluded that an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order which is not subject to review.[2] We agree, and now hold that because the challenged order is not final and is subject to modification at the conclusion of the Chapter 7 proceeding, it is a non-appealable interlocutory order.[3] The debtors' appeal must be and it is, accordingly, dismissed.
 
 
 3
 Although we do not reach the merits of this appeal, we would be remiss in the performance of our general appellate responsibilities if we did not comment briefly on appellants' actions and submissions. The debtors' central claim, concerning an alleged denial of notice, is not supported by the record or our jurisprudence.[4] Their submissions herein, seeking the recusal of the bankruptcy and district judges, an issue not raised in those courts and based upon prior rulings of those judges, are legally and factually spurious.[5] Finally, their brief largely ignores the procedural issues which led the district court to dismiss their appeal.
 
 
 4
 In addition to the instant proceeding, there have been more than 30 unsuccessful appeals which the debtors have taken in this matter which now cause us to caution Elwood Cluck, Kristine Cluck, and First Capital Mortgage Company that any future frivolous, harassing, or vexatious appeal will invite this court's imposition of the full panoply of sanctions.
 
 
 5
 APPEAL DISMISSED; CAUTION ISSUED.
 
 
 
 [1]
 Lowe v. Ingalls Shipbuilding, 723 F.2d 1173 (5th Cir.1984)
 
 
 [2]
 In re Boddy, 950 F.2d 334 (6th Cir.1991). Accord, In re Firstmark Corp., 46 F.3d 653 (7th Cir.1995); In re Spillane, 884 F.2d 642 (1st Cir.1989); In re Stable Mews Associates, 778 F.2d 121 (2d Cir.1985); In re Four Seas Center, Ltd., 754 F.2d 1416 (9th Cir.1985); In re Dahlquist, 751 F.2d 295 (8th Cir.1985); In re Callister, 673 F.2d 305 (10th Cir.1982)
 
 
 [3]
 See FDIC v. Keller, 42 F.3d 1399 (9th Cir.1994) (unpublished disposition); In re Firstmark; In re Four Seas Center. Compare Matter of Evangeline Refining Co., 890 F.2d 1312 (5th Cir.1989) (reviewing district court's order concerning three interim compensation awards presented for final approval)
 
 
 [4]
 See In re Eagle Bus Mfg., Inc., 62 F.3d 730 (5th Cir.1995)
 
 
 [5]
 See United States v. Mizell, 88 F.3d 288 (5th Cir.1996) (discussing bias and prejudice provision of recusal statute, 28 U.S.C. § 455); United States v. York, 888 F.2d 1050 (5th Cir.1989) (discussing timeliness requirements of recusal statute)