In re George C. **SANDERS**, Debtor.

**Melissa J. Wiggins, Plaintiff,**

v.

**George Christopher Sanders, Defendant.**

**Bankruptcy No. 98–1582. Adversary No. 98–00134.**

United States Bankruptcy Court, M.D. Alabama.

Aug. 14, 1998.

---

**9.** *In re Meckfessel,* 67 B.R. 277, 278 (Bankr. D.Kan.1986) (citations omitted).

**10.** 203 B.R. 463, 466 (Bankr.D.Nev.1996).

Mac Borland, Jr., Dothan, AL, for debtor/defendant.

W. Cameron Parsons, Tuscaloosa, AL, for plaintiff.

*Opinion on Complaint To Determine Dischargeability*

RODNEY R. STEELE, Bankruptcy Judge.

The question presented here is whether an assault and battery which occurred during a drinking party at the ATO house at the University of Alabama in 1991 is a non-dischargeable debt under Title 11 U.S.C. § 523(a)(6).

*Findings*

The Plaintiff and the Defendant were at a "Cheap Champagne" party in the basement of the ATO house on the campus of the University of Alabama on November 15, 1991. Defendant had a date, one Elizabeth; Plaintiff had a date, one Hernando. The lights were low. The music was loud. The party started at around 10 p.m. and lasted until 2 a.m. Defendant had consumed a couple of bottles of "cheap champagne". Plaintiff had consumed a couple of glasses of the same. Plaintiff and Defendant both said they had been good friends. About 30 or 40 people were in attendance, "socializing" and drinking. Defendant agreed that he was intoxicated.

Three incidents occurred during this time between Defendant and Hernando. It involved the selection of music which was to be played on the tape machine. Hernando disagreed with some of his brothers in the fraternity, and Defendant, a sort of self-styled monitor for the fraternity, tried to "neutralize" the disagreements. On the third occasion, about 1:30 a.m., the difficulty arose which resulted in Plaintiff's injuries.

In the third disagreement about the music, Defendant approached Hernando to neutralize. As he turned to leave Hernando's presence, Hernando, according to Defendant, said "F--- you, you red neck". Defendant perceived these to be fighting words, and he turned to face Hernando. The Plaintiff placed her hand on Defendant's arm and said "What are y'all doing?" Defendant testified that he felt that he was being rushed by several people. He turned toward Plaintiff. He does not remember anything that happened after that. He does remember that he went up to his room in the fraternity house, and rested for about thirty minutes, and then came back down to the basement where he was told that Plaintiff had been taken to the hospital.

The only piece of evidence about what transpired after Plaintiff placed her hand on Defendant's arm comes from Plaintiff. She testified that Defendant turned and looked straight at her and hit her in the mouth with his fist. The Defendant does not remember what happened. The Plaintiff suffered severe facial and dental injury.

The Plaintiff subsequently sued the Defendant in the Circuit Court of Tuscaloosa County for Assault and Battery, and recovered, by default, a judgement for $100,-000.00, on June 28, 1995.

### Conclusions

Section 523(a)(6) of Title 11 U.S.C. reads:

"A discharge under section 727 . . . . . of this title does not discharge an individual debtor from any debt—

. . . . .

for willful and malicious injury by the debtor to another entity or to the property of another entity; . . ."

The Supreme Court of the United States, in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), framed the legal question under Section 523(a)(6):

"We confront this pivotal question concerning the scope of the 'willful and malicious injury' exception: Does Section 523(a)(6)'s compass cover acts, done intentionally, that cause injury (as the Kawaauhaus urge), or only acts done with the actual intent to cause injury (as the Eighth circuit ruled)? . . . ."

. . . . .

"The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury . . . . . . Intentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.' . . . . . ." [1]

The evidence is slim. But the defendant's has little weight where he does not remember what happened, and the Plaintiff is positive that ". . . he turned around and looked at me and then he hit me in the face with his fist." Plaintiff's deposition p. 5.

And the Defendant's affidavit that he did not intend to hurt the Plaintiff, made long after the incident, and for this proceeding, has no weight.

Defendant's action was willful and malicious. The judgment which Plaintiff holds against Defendant is non-dischargeable.

---

1. See also *In re Walker*, 48 F.3d 1161 (11th Cir.1995).