**In re John Clay CIUZIO, Debtor.**

**Billy Ray Farris, Plaintiff,**

v.

**John Clay Ciuzio, Defendant.**

**Bankruptcy No. 98–04198.
Adversary No. 98–00255.**

United States Bankruptcy Court,
M.D. Alabama.

March 18, 1999.

Michael D. Brock, Enterprise, AL, for debtor/defendant.

Debbie Lindsey Jarred, Paul A. Young, Enterprise, AL, for plaintiff.

*Opinion on Complaint to Determine Dischargeability*

RODNEY R. STEELE, Bankruptcy Judge.

This opinion is about whether the Defendant was guilty of willful and malicious injury to the Plaintiff, under Title 11 U.S.C. § 523(a)(6), when he twice shot Plaintiff with a 12 gauge shotgun at the Defendant's home.

*Findings*

Billy Ray Farris and his wife Kim Coon Farris were contemplating divorce on November 23, 1991. On that day, Billy Ray and his girlfriend, Denise, were enjoying Elba, Alabama night life. Kim Coon was enjoying the company of John Clay Ciuizo at his home in Elba.

Billy Ray felt that "The Manhattan" was too crowded. He and Denise decided to go to "The Office," another watering hole. On the way, Denise driving, they passed by John Clay's house. There Billy Ray saw his wife's car. She had promised him faithfully that she would be at home with their children that night. He got out of the truck and banged on the door. John Clay's mother answered. According to Billy, she slipped and fell. She cried for help. According to Billy, she told him to go up the stairs and talk to John. John says he heard her cry for help. He grabbed his 12 gauge shotgun, loaded with "double aught." At the landing he fired one time. He destroyed a portion of Plaintiff's foot.

Plaintiff beat a hasty retreat down the stairs. Defendant said he didn't seem to have anything wrong with his foot. Defendant followed him to the door and out onto the porch, where he shot ·him again, this time in the back. He did major damage to Billy: ".... blowed half of my foot off. And it—they took forty-two inches of my intestines out. They took my appendix out, my colon, part of my liver, a little bit of my stomach. It clipped my psyatic nerve...." The 911 emergency team said he was "nine-tenths dead." He survived on the remaining one-tenth, and this proceeding, a civil action in the Coffee County Circuit Court, and another civil and one criminal proceeding, ensued.

Plaintiff recovered a judgment on a jury verdict in the civil action for $100,000.00 based on a complaint for assault and battery and wanton injury under the Alabama law. Plaintiff and Defendant submitted this case on the transcript from the Coffee County Circuit Court.

*The Issue*

■ Did the Defendant wilfully and maliciously injure the Plaintiff, so that the $100,000.00 judgment is not dischargeable? The question is a Federal Bankruptcy question. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

*Conclusions*

■ The judgment debt is not dischargeable.

Section 523(a)(6) of Title 11 U.S.C. reads:

"A discharge under Section 727 .... of this title does not discharge an individual debtor from any debt—

..........

For willful and malicious injury by the debtor to another entity or to the property of another entity...."

The Supreme Court of the United States, in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), framed the legal question under Section 523(a)(6):

"We confront this pivotal question concerning the scope of the 'willful and malicious injury' exception: Does Section 523(a)(6)'s compass cover acts, done intentionally,· that cause injury (as the Kawaauhaus urge), or only acts done with the actual intent to cause injury (as the Eighth circuit ruled)?...."

.......

"The word 'willful' in (a)(6) modifies the word 'injury', indicating that the nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury ...... Intentional torts generally require that the actor intend 'the consequences of an act', not simply 'the act itself'......" [1]

The evidence is ample that Defendant intended to injure the Plaintiff. He fired the shots. His gun was always loaded.

He pumped in the second shell as soon as he fired the first time. Plaintiff was retreating as fast as he could with a mangled foot. He had gotten out of the house, and was on the porch trying to get to his truck when he was shot in the back at close range by the Defendant who was in hot pursuit.

The state court judge instructed the jury concerning assault and battery, wantonness and willfulness: his willful charge was as follows:

".... But in willful conduct, and in willful injury, a purpose or an intent or a design to injure is an ingredient, and where a person with the knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness" [2]

The verdict and judgment in the state court support a finding of willfulness. We conclude from the transcript that the injury was both willful and malicious.

An appropriate order will enter.

*Order on Complaint to Determine Dischargeability*

By an opinion entered today, the court concluded that the debt owing by the Defendant/Debtor to the Plaintiff is not dischargeable in this bankruptcy proceeding, and it is

ORDERED that the debt, represented by the judgment base on a jury verdict, entered in the Circuit Court of Coffee County, Enterprise Division, in case numbered CV–93–72, in the amount of $100,000.00 and costs is non dischargeable in bankruptcy.

1. See also *In re Walker,* 48 F.3d 1161 (11th Cir.1995).

2. Transcript, p. 76.