In the Matter of Ty D. **BOUGHTER, Sr., Debtor.**

Thomas I. Blair, **Plaintiff,**

v.

Ty D. Boughter, Sr., **Defendant.**

Bankruptcy No. 02–40047.
Adversary No. 02–4107.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

May 27, 2003.

R. Wade Gastin, Savannah, GA, for Debtor.

Wiley A. Wasden, Savannah, GA, trustee.

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Ty D. Boughter, Sr. ("Debtor") filed a voluntary Chapter 13 bankruptcy case in this Court which was converted on July 30, 2002, to Chapter 7. On August 21, 2002, Thomas I. Blair ("Plaintiff"), a judgment

creditor in the case, filed a Complaint to Determine Nondischargeability of Debt in which he asserts that the judgment debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). This is a core adversary proceeding under 28 U.S.C. § 157(b)(2)(I) in which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and the standing order of reference of the District Court for the Southern District of Georgia issued pursuant to 28 U.S.C. § 157(a).

The debt in issue resulted from a judgment in state court against Debtor and in favor of Plaintiff. Plaintiff alleged in his Complaint that the underlying factual bases for that indebtedness are "an automobile collision" and Debtor's "fail[ure] to maintain adequate insurance coverage on [Debtor's] vehicle." As an additional or alternative factual basis for nondischargeability, Plaintiff's attorney alleged in subsequent written and oral submissions that Debtor's refusal to provide correct insurance information to Plaintiff's attorney resulted in Plaintiff's loss of any opportunity to collect his damages from the insurance company.

Debtor and Plaintiff each moved for summary judgment in the belief that a determination in this matter rests upon a legal conclusion. This is only partially correct. Having heard oral argument of opposing counsel on April 18, 2003, having examined the record, and having carefully considered the teachings of Georgia case law and of binding precedent regarding § 523(a)(6), I conclude as a matter of law that Debtor's alleged refusal to provide insurance information is a viable theory of harm in this proceeding; however, as there is conflicting and insufficient factual evidence regarding, *inter alia,* Debtor's intent, summary judgment is not appropriate and both motions will be denied.

## DISCUSSION

Summary judgment is appropriate only where the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial," *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 (11th Cir.1982), and "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment," *id.* The moving party is entitled to summary judgment, however, "if the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Hope v. Walker (In re Walker),* 48 F.3d 1161, 1163 (11th Cir.1995) (internal punctuation omitted).

The following facts are not subject to dispute:

1. Debtor operated a taxi service in Savannah, Georgia. (Debtor's Aff. ¶ 1; Pl.'s Br.)

2. Debtor was required to maintain a liability policy that covered all employees or contractors who drove taxi cabs for his business. (Debtor's Aff. ¶ 2; Pl.'s Br.)

3. One of Debtor's employees ("the Driver") was at fault in an automobile accident which caused harm to Plaintiff and/or Plaintiff's property. *See* Order and J. (Chatham St. Ct. Oct. 23, 1997) [hereinafter "State Ct. J."].

4. Debtor had a liability policy at the time the accident took place. (Debtor's Aff. ¶ 4; Pl.'s Br.)

5. Plaintiff commenced a civil action in state court against Debtor and the Driver,

both of whom were found to be in default for failure to file an response. *See* State Ct. J.

6. The Driver appeared at the hearing on damages, but Debtor did not appear at that hearing. *Id.*

7. Debtor is indebted to Plaintiff in the amount of $156,053.66, secured by a judgment entered against Debtor and in favor of Plaintiff on October 23, 1997, in Chatham County, Georgia, State Court Civil Action No. I97–1167–F ("the Judgment"). (Compl. ¶ 6; Answer ¶ 6.)

8. The Judgment designates $2,747.11 as special damages, $906.90 as property damages, and $100,000.00 in general and compensatory damages. State Ct. J.

9. Debtor's insurance company refuses to pay any portion of the damages awarded in the Judgment. (Aff. of att'y George L. Lewis ¶ 7.)

10. Debtor seeks to discharge the debt in Chapter 7. (Compl. ¶ 2; Answer ¶ 2.)

11. Plaintiff seeks to have the debt adjudged non-dischargeable pursuant to § 523(a)(6). (Compl. ¶ 10.)

The Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The potential issues in this proceeding include: (1) legal and factual questions regarding the asserted injury; (2) factual questions regarding the amount of damages subject to nondischargeability; and (3) factual questions regarding Debtor's willful and malicious intent.

### 1. The Injury

The alleged harm is Plaintiff's loss of any opportunity to recover insurance proceeds after liability was adjudged and damages were assessed against Debtor. The first asserted cause of that harm is Debtor's alleged failure to maintain adequate insurance coverage. (Compl.¶¶ 8, 9.) The alternative cause is based on (1) Debtor's alleged refusal to notify the insurance company of the claim and (2) failure to comply with propounded discovery requests to provide information about insurance coverage, which allegedly resulted in the insurance company's refusal to indemnify Debtor in the judgment debt because it had not been notified in time to defend the action. (Pl.'s Br.) It is necessary at the outset to determine whether either of the asserted causes of harm is legally cognizable.

■ In this Circuit, the mere failure to maintain required insurance is not an injury to "the property of another entity" pursuant to § 523(a)(6). *See Walker,* 48 F.3d at 1165.[1] Therefore, Plaintiff's original basis for relief, as asserted in the Complaint, is not cognizable.

■ Plaintiff's alternative theory, however, is not precluded by the *Walker* opinion. In *Walker,* an employee was harmed in the course of his employment, sued his employer, and was awarded damages against the employer, who had failed to obtain statutorily required workers' compensation insurance because of a "putatively mistaken belief." *Id.* at 1163–64. The employer subsequently sought to discharge the judgment debt in Chapter 7. On appeal of the dismissal of the em-

---

1. This Court is bound by *Walker,* in which our Court of Appeals, addressing the notion that the "true injury" could have been the plaintiff's lack of worker's compensation insurance due to the defendant's failure to provide it, dismissed that argument for lack of "any persuasive or binding authority . . . that statutorily required workers' compensation benefits are *property,* distinguishable from the rights of any other creditor against a debtor." *Walker,* 48 F.3d at 1165 (emphasis added).

ployee's § 523(a)(6) nondischargeability complaint, the Court of Appeals for the Eleventh Circuit rejected the employee's argument that "his *true injury* was the loss of his statutory right to ... insurance protection," observing that there is no authority for the notion "that statutorily required workers' compensation benefits are *property*, distinguishable from the rights of any other creditor against a debtor." *Id.* at 1165 (emphases added).

Unlike the *Walker* situation, at the time Debtor allegedly acted in a way that led to a denial of insurance coverage, the physical harm had already occurred. Upon entry of judgment, Plaintiff would have become vested with the right to collect damages from the insurance company. *See Hartford Ins. Co. v. Henderson & Son, Inc.,* 371 S.E.2d 401, 402, 258 Ga. 493, 494 (Ga.1988) ("The general rule is that because there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured ...."); *Arnold v. Walton,* 54 S.E.2d 424, 428, 205 Ga. 606, 612 (Ga.1949) ("We have been unable to find any Georgia authority authorizing ... suit directly against the insurance company, except ... where a judgment has previously been obtained against the insured which is unsatisfied, or the liability of the insured has otherwise been fixed.");

*Haezebrouck v. State Farm Mut. Auto. Ins. Co.,* 555 S.E.2d 764, 765, 252 Ga.App. 248, 248–49 (Ga.App.2001) (noting that claim was not viable because, *inter alia,* no judgment had been levied against insured); *Hodges v. Ocean Accident & Guar. Corp.,* 18 S.E.2d 28, 29, 66 Ga.App. 431 (Ga.App.1941) ("[T]he amount of the policy, to the extent of liability incurred by the insured on account of the accident, becomes an asset of the insured." (addressing right of plaintiff to garnish insurer)).

Plaintiff contends that because Debtor did not report the accident to the insurance company and flatly refused to provide necessary information regarding insurance to Plaintiff so that Plaintiff could report it,[2] Debtor's right of action against the insurance company was foreclosed and the insurance company absolved of liability. In that Debtor's alleged actions or omissions allegedly cut off a right that, but for Debtor's alleged recalcitrance, would have vested in Plaintiff upon entry of the Judgment, this basis for recovery is colorable under Georgia law, and nondischargeability is not foreclosed by the *Walker* decision.

I conclude, therefore, that Plaintiff's alleged loss of the right to recover insurance proceeds is a harm that is cognizable for purposes of § 523(a)(6). The cost of that harm in dollars, however, remains to be determined at trial.[3]

---

**2.** The attorney who represented Plaintiff in the state court action states that Debtor brusquely refused to cooperate with the attorney after informing him that Debtor did not believe that Plaintiff was hurt. Aff. of George L. Lewis ¶ 3.

**3.** The value of the property right that Plaintiff allegedly lost as a result of Debtor's alleged actions must be proved at trial. Although the record shows that an insurance policy may have existed, the record does not reveal the extent of the insurance company's liability under such policy. The harm to Plaintiff

would be the lesser of the Judgment award amount and the policy limit amount.

Plaintiff has produced the Judgment. Should it be proved that Debtor willfully and maliciously caused the cancellation of the insurance company's liability to pay Plaintiff's damages, then the burden will be upon *Debtor* to show that the Judgment amount is higher than the actual harm to Plaintiff by proffering proof of any dollar limitations under the policy. Otherwise, the entire amount of the Judgment award would be nondischargeable.

### 2. Willful and Malicious Intent

 Debtor's willful and malicious intent to cause harm is an essential element of a § 523(a)(6) determination.[4] The question for summary judgment purposes is whether the record conclusively shows such intent. With respect to Debtor's state of mind, the Court considers each summary judgment motion separately.

#### a. Plaintiff's Motion

For Plaintiff to prevail in his summary judgment motion, he must show that the record, when viewed in the light most favorable to *Debtor*, conclusively establishes that Debtor willfully and maliciously intended to harm Plaintiff. For purposes of entertaining the merits of Plaintiff's motion, the Court accepts as true the following allegations in the record, which appear to be the version of the facts that is most sympathetic to Debtor: Debtor believed at the time of the accident, and still believes, that he had listed the Driver on the insurance policy prior to the date of the accident. (Debtor's Aff. ¶ 6.) The insurance company, however, told Debtor that the Driver was not covered. (Statement of att'y Judson Hill, April 18, 2003 Hr'g.) Aware of no factual basis for contesting his liability to Plaintiff and lacking the financial ability to defend (Debtor's Aff. ¶ 8), Debtor did not attend the hearing on damages, *see* State Ct. J. If Debtor had believed he had insurance after the accident, he would have had every reason to tell Plaintiff's attorney about it. (Statement of att'y Judson Hill, April 18, 2003 Hr'g.) This version of the facts indicates that Debtor lacked the requisite willful and malicious intent to cause harm.

"If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." *Clemons,* 684 F.2d at 1369. Because Debtor raises issues of fact regarding the willfulness and maliciousness of his intent, Plaintiff's motion for summary judgment will be denied.

#### b. Debtor's Motion

For Debtor to prevail in his summary judgment motion, he must show that the record, when viewed in the light most favorable to *Plaintiff,* fails on its face to make a showing on an essential element of Plaintiff's case with respect to which Plaintiff has the burden of proof. *See Walker,* 48 F.3d at 1163.

If a plaintiff shows that there appears to be an unbroken chain of events leading from an intentional act to an injury and asserts facts showing that a debtor intended for that harm to occur, then that debtor may not prevail in a summary judgment motion regarding dischargeability under § 523(a)(6). *See id.* at 1165 (noting significance of intent and unbroken chain of events leading to injury).

Here, Plaintiff has made a *prima facie* showing of both causation and intent. If the evidence shows that Debtor's alleged outright refusal to supply the name of his company's insurance company caused Plaintiff to lose a vested right to sue the insurance company, it is possible that there was an unbroken chain of events

---

4. Section 523(a)(6) provides that a discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Because "nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury," injury that is recklessly or negligently inflicted does not meet the "willful and malicious injury" standard. *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (emphases in original); *see also, e.g., Henderson v. Woolley (In re Woolley),* 288 B.R. 294, 301–05 (Bankr. S.D.Ga.2001) (Davis, J.) (applying *Geiger* standard in § 523(a)(6) determination).

leading from Debtor's refusal to supply insurance information to Plaintiff's inability to collect, particularly if Plaintiff shows that all events in that chain were in the sole control of Debtor. In addition, Plaintiff has asserted facts indicating that Debtor may have deliberately refused to cooperate in an effort to thwart, in any way he could, Plaintiff's efforts to recover damages. This version of the facts, if proved, would result in a finding of willful and malicious injury.

Because Plaintiff has made a *prima facie* showing as to each of the elements of a § 523(a)(6) determination by asserting facts that could support a finding of non-dischargeability, Debtor's motion for summary judgment must be denied.

### ORDER

Pursuant to the above discussion, IT IS THE ORDER OF THIS COURT that the Motion for Summary Judgment of Plaintiff Thomas I. Blair is DENIED and that the Motion for Summary Judgment of Defendant Ty D. Boughter, Sr. is DENIED.