[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14357
Non-Argument Calendar

_____

D. C. Docket No. 07-01264-CV-AR-E
BKCY No. 06-40102-JJR-7

In Re: WALTRAUD KATHARINA M. THOMAS,

Debtor.

_____

WALTRAUD KATHARINA M. THOMAS,

Plaintiff-Appellant,

versus

TRANZIE LOVELESS,
LAURA LOVELESS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 18, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Waltraud Katharina M. Thomas appeals pro se the judgment in favor of Tranzie and Laura Loveless in their adversary proceeding against Thomas in her bankruptcy proceeding. 11 U.S.C. § 523(a)(6). The bankruptcy court concluded that Thomas was collaterally estopped from relitigating her civil liability for conspiracy and malicious prosecution and the debt arising from a judgment against her was nondischargeable. We affirm.

## I. BACKGROUND

Thomas's husband was convicted in state court for the discharge of a firearm into the Lovelesses' home and the attempted murder of Tranzie Loveless, and the Lovelesses later filed a civil complaint against Thomas and her husband for conspiring to shoot into the Loveless home and for malicious prosecution. The judge informed the jury about the convictions of Thomas's husband, explained that a judgment had already been entered against him, and instructed the jury regarding the complaint against Thomas. The jury returned a verdict in favor of the Lovelesses for compensatory and punitive damages. The Lovelesses filed a judgment lien against Thomas, but never received payment.

The Lovelesses filed an adversary proceeding against Thomas in her

2

bankruptcy and sought a judgment that the debt was nondischargeable. See 11 U.S.C. § 523(a)(6). Thomas moved pro se for summary judgment and argued that the civil judgment was void because the state did not try her husband for conspiracy. The Lovelesses moved for summary judgment and argued that collateral estoppel barred any relitigation of Thomas's liability and the conspiracy verdict established that Thomas was liable for willful and malicious conduct that could not be discharged.

The bankruptcy court denied Thomas's motion for summary judgment and granted summary judgment in favor of the Lovelesses. The bankruptcy court concluded that collateral estoppel barred Thomas from relitigating her liability and the award of punitive damages provided evidence that the injury to the Lovelesses was malicious and wanton and could not be discharged. Thomas appealed to the district court, which affirmed.

## II. STANDARD OF REVIEW

"As the second court of review," we examine de novo the legal conclusions of the bankruptcy court. In re Club Assocs., 951 F.2d 1223, 1228 (11th Cir. 1992). We review a summary judgment de novo. In re Optical Techs., Inc., 246 F.3d 1332, 1334–35 (11th Cir. 2001).

3

### III. DISCUSSION

Thomas makes two arguments on appeal. First, Thomas argues that collateral estoppel does not bar relitigation of her liability to the Lovelesses. Second, Thomas contends that the debt owed to the Lovelesses was dischargeable. These arguments fail.

The bankruptcy court did not clearly err when it determined that collateral estoppel barred Thomas from relitigating the issues determined by the state court. A bankruptcy court may rely on collateral estoppel to reach conclusions about certain facts, foreclose relitigation of those facts, and then consider those facts as "evidence of nondischargability." In re Halpern, 810 F.2d 1061, 1064 (11th Cir. 1987). To apply collateral estoppel, four requirements must be satisfied: the issue must be identical to that adjudicated in the earlier litigation; the issue must have been "actually litigated" in the earlier lawsuit; resolution of the issue "must have been a critical and necessary part of the [earlier] judgment"; and the "party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).

Collateral estoppel barred relitigation of Thomas's liability. The issue in the bankruptcy proceeding was identical to the issue decided in the state trial. A jury

4

found Thomas liable for conspiracy with her husband to fire a weapon into the Loveless home and malicious prosecution. Thomas was afforded the opportunity at trial to confront witnesses and refute the evidence of her guilt.

The bankruptcy court also correctly concluded that the civil judgment against Thomas was nondischargeable. The Bankruptcy Code excludes from discharge a "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." In re Walker, 48 F.3d 1161, 1165 (11th Cir. 1995). Malice can be implied when a debtor commits an act that is "'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will.'" Id. at 1164 (quoting In re Ikner, 883 F.2d 986, 991 (11th Cir. 1989) (internal quotation marks omitted)). The civil judgment against Thomas for conspiracy and malicious prosecution is excluded from discharge under section 523(a)(6) because the acts inflicted "willful and malicious injury" to the Lovelesses. See Walker, 48 F.3d at 1164–65.

## IV. CONCLUSION

The judgment in favor of the Lovelesses is **AFFIRMED**.