**In re J. Murray MASSIER, Debtor.**

**CONTINENTAL MAP, INC., Plaintiff,**

**v.**

**J. Murray MASSIER, individually, Defendant.**

**Proceeding No. 85 J 0219.**

United States District Court, D. Colorado.

Aug. 7, 1985.

---

G. Keith McGowan, Levbarg & McGowan, Austin, Tex. and Edward Cerkovnik, Pendleton & Sabian, P.C., Denver, Colo., for plaintiff.

James G. Anderson, Arvada, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for trial on the Plaintiff's Complaint to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6).

The debt owing to Plaintiff arose from a judgment entered in U.S. District Court in Texas. That judgment was entered against the Defendant for copyright infringement in the "sum of FIFTY THOUSAND DOLLARD [sic] AND NO/100 ($50,-000.00), pursuant to 17 U.S.C.A. Section 504(2) [sic] plus the sum of SIXTEEN THOUSAND FIVE HUNDRED DOLLARS AND NO/100 ($16,500.00) pursuant to 17 U.S.C.A. Section 505" plus statutory interest. (Apparently the correct statutory citation for the $50,000.00 award should be 17 U.S.C.A. Section 504(a)(2) not Section 504(2)).

Section 504 provides for either actual damages plus profits of the infringer or for statutory damages. Section 504(a)(2) is the statutory damage section. Section 505 allows for the discretionary award of attorney's fees to the prevailing party.

The Defendant/Debtor, J. Murray Massier, formed a corporation (Canyon Publishing Corp.) whereby the Debtor and his employees would go into a city, obtain a map thereof on public record, either from the Chamber of Commerce or the appropriate municipal department, and then solicit various businesses to advertise their wares by placing their names and their types of business on such map together with their locations.

The Debtor would then return to Denver, have a local printer reproduce the map with the solicited advertising placed thereon, and deliver the reproduced maps to the advertisers for their distribution.

The Debtor admitted that he used such a procedure in the City of Albuquerque, New Mexico, and that he used a copyrighted map of the Plaintiff.

11 U.S.C. § 523(a)(6) provides that a debt arising from the "willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable.

■ Under Title 17, U.S.C., intent is not an element of infringement, and thus liability may be imposed for unconscious and unintentional copying of protected material. But under 11 U.S.C. § 523(a)(6), the injury caused must have been as a result of deliberate or intentional behavior. Thus, mere proof of copyright infringement does not suffice under 11 U.S.C. § 523(a)(6).

■ The Debtor claimed at this trial that he "thought the map belonged to everyone". Yet he admitted that he knew some of the maps he copied had the copyright symbol (a "c" within a circle) thereon and he knew of this symbol prior to starting his own business when he worked for a Denver mapmaker. He also had placed on his own copied map (Plaintiff's Exhibit 4) this symbol followed by the words "All rights reserved", which he admitted was for the purpose of detering people from copying.

Finally, the Debtor's map shows quite clearly that someone has removed from at least one location of Plaintiff's map the copyright symbol followed by the words "Continental Map Inc.".

The Court finds the Debtor's claimed ignorance of the significance of the copyright symbol to be incredible, and finds that the

Debtor intentionally and willfully infringed upon Plaintiff's copyright.

 Debtor argues that because there was no proof of injury except the judgment, the Complaint should be dismissed. It is true, that in order to prove its claim under § 523(a)(6) the creditor must prove injury.

The copyright holder is entitled to either actual damages plus profits of the infringer (17 U.S.C. § 504(a)(1)) or to statutory damages (17 U.S.C. § 504(a)(2)). If statutory damages are elected, § 504(c) provides that damages shall be not less than two-hundred and fifty dollars ($250.00) nor more than ten-thousand dollars ($10,-000.00), unless the Court finds that the infringement was committed willfully, and then the court may award damages of not more than fifty-thousand dollars ($50,-000.00). The U.S. District Court awarded fifty-thousand dollars ($50,000.00)—something it could not have done without first finding a willful infringement. The mere fact that the District Court awarded "damages" is proof that Plaintiff sustained injury and it matters not that these damages are labeled as "actual" or "statutory".

Debtor would have this Court order that if the debt is non-dischargeable, that only that portion which represents Debtor's profits be declared non-dischargeable. This is merely a collateral attach on the District Court judgment which liquidated and determined the amount of damages in Texas, and as such, will not be allowed.

 Where there has been a willful copyright infringement, the Debt occasioned thereby is not dischargeable. *Gordon v. Weir*, 111 F.Supp. 117 (E.D.Mich. 1953). It is, therefore,

ORDERED, ADJUDGED and DE-CREED that the debt evidenced by the judgment entered in Civil Action No. A–81–CA–499 in the U.S. District Court for the Western District of Texas on February 13, 1984, is declared to be non-dischargeable under 11 U.S.C. § 523(a)(6).

FURTHER ORDERED that within thirty (30) days of the date of this order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this order.