In re Shahidi AHMED, Debtor.

Yash Raj Films (USA), and Arclightz Films PVT Ltd./Enzo Pictures Ltd., Plaintiffs,

v.

Shahidi AHMED, Defendant.

Bankruptcy No. 03–20307–CEC.
Adversary No. 03–1648–CEC.

United States Bankruptcy Court,
E.D. New York.

Oct. 6, 2005.

William M. Poppe, Esq., Poppe & Bhouraskar, LLP, New York, NY, for Plaintiffs.

Dominic S. Rizzo, Esq., Brooklyn, NY, for Debtor.

## DECISION

CARLA E. CRAIG, Bankruptcy Judge.

This is an adversary proceeding to determine the dischargeability under 11 U.S.C. § 523(a)(6) of debts owed by Shaihidi Ahmed, the debtor, to Yash Raj Films, (USA), Arclightz Films Pvt Ltd. and Enzo Pictures Ltd., based on judgments rendered in an action in the United States District Court for the Southern District of New York (the "District Court Action").

The plaintiffs have moved for summary judgment based on the doctrines of collateral estoppel and res judicata. For the reasons set forth below, the plaintiffs' motion for summary judgment based on collateral estoppel is granted.

### Jurisdiction

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(I) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr.P. 7052.

### Facts

On April 1, 2002, the plaintiffs commenced an action against the debtor for copyright infringement under 17 U.S.C. §§ 504(a)(1)-(2), 504(c), the Copyright Act, which alleged that the debtor infringed the plaintiffs' copyrights by offering and selling pirated copies of films to the public on eBay, an internet auction and marketplace.

On April 1, 2002, the District Court issued a temporary restraining order directing the debtor to turn over all of the films in his possession. The debtor complied with the order but did not answer the complaint.

The plaintiffs moved for summary judgment in the District Court Action, seeking statutory damages and attorney's fees. On October 2, 2002, the District Court granted the plaintiffs' summary judgment motion based on the debtor's default and referred the matter to Magistrate Judge Roanne L. Mann for a determination of damages.

On August 1, 2003, the Magistrate Judge issued a report and recommendation finding, among other things, that the debtor "offered and sold to the public unauthorized, pirated copies of the films [owned by the plaintiffs]." R & R at 2–4, 6–8.[1] The Magistrate Judge recom-

---

1. "R & R" refers to the Report and Recommendation dated August 1, 2003, by Magis-

mended enhanced statutory damages because the debtor's infringement was willful. R & R at 6, 8.

On August 5, 2003, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

On September 2, 2003, the District Court adopted the Magistrate Judge's report and recommendation and on September 9, 2003, entered judgment in favor of the plaintiffs.

On November 14, 2003, the plaintiffs brought this adversary proceeding seeking a determination that the judgment rendered in the District Court Action is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code, which excludes from discharge debts from willful and malicious injury to persons or property. The plaintiffs moved for summary judgment.

In response, the debtor contended that questions of fact exist as to whether he acted wilfully and maliciously when he sold and distributed the plaintiffs' copyrighted films. The debtor also argued that the District Court's judgment was in violation of the automatic stay because it was rendered after he filed for bankruptcy.

On March 17, 2004, this Court granted relief from the automatic stay to allow the debtor to object to the Magistrate Judge's report and recommendation and to allow the District Court Action to proceed to judgment. The debtor filed an objection to the report and recommendation on March 22, 2004. In his objection, the debtor asserted defenses on the merits, claiming, among other things, that he never received an official warning from the plaintiffs regarding his sale of the DVDs online and that the warnings he did receive were from anonymous eBay users "who violated eBay's terms and conditions by creating different accounts just to post negative feedback." See Def.'s Objection to Mag. J.'s Report and Recommendation at 1, No. 02–01935 (E.D.N.Y.2004).

After hearing oral argument on the debtor's objection on July 1, 2004, the District Court reviewed the Magistrate Judge's report and recommendation de novo and found that "it is a thorough consideration of the relevant facts and a precise application of the law." See Order at 2, No. 02–01935 (E.D.N.Y. July 1, 2004). The District Court also held that the debtor's objections were without merit and adopted the report and recommendation in its entirety.

The plaintiffs' summary judgment motion in this adversary proceeding asserts that, pursuant to the principles of collateral estoppel, the factual issues determined in the District Court Action are sufficient to fully adjudicate the non-dischargeability of the District Court judgment under 11 U.S.C. § 523(a)(6). Thus, the plaintiffs assert that there are no material facts in dispute and that they are entitled to judgment as a matter of law pursuant to Fed. R. Bank. P. 7056(b).

In opposing summary judgment, the debtor argues that "substantial questions of fact remain as to whether debtor acted willfully and maliciously toward plaintiffs." See Mem. of Law in Opp'n to Pl.'s Mot. for Summ. J. at 6.

### Discussion

#### A. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

trate Judge Roanne L. Mann, adopted by District Court Judge I. Leo Glasser.

Fed. R. Bankr.P. 7056(c)(2005); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). After a movant makes a properly supported summary judgment motion, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial by setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e)(2005). The nonmovant "may not rest upon the mere allegations or denials of its pleadings." *Id.* The non-moving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Where the record taken as a whole could not lead a rational trier of fact to find in favor of the non-moving party, there is no genuine issue of material fact requiring a trial and a grant of summary judgment is proper. *Id.* at 587, 106 S.Ct. 1348; *see also Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (stating that no genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable ... or is not significantly probative ... summary judgment may be granted.").

*B. Collateral Estoppel*

The debtor asserts that collateral estoppel is inapplicable in the instant case because the District Court did not make a finding that the debtor's actions were malicious, which is necessary to find that the plaintiffs' judgment is nondischargeable under § 523(a)(6).

The plaintiffs assert, and the debtor does not deny, that if this Court determines that the District Court's decision, which adopted the Magistrate Judge's report and recommendation in its entirety, contains sufficient findings of fact to satisfy § 523(a)(6)'s "willful" and "malicious" standard, then collateral estoppel applies and the plaintiffs' motion for summary judgment must be granted.

█ Collateral estoppel is applicable in dischargeability actions. *Bundy Am. Corp. v. Blankfort (In re Blankfort),* 217 B.R. 138, 142 (Bankr.W.D.N.Y.1998)(citing *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Preclusive effect will be given to a prior decision finding willful and malicious injury in determining whether a debt is nondischargeable under § 523(a)(6). *See Marine Midland Bank v. Huber (In re Huber),* 171 B.R. 740 (Bankr.W.D.N.Y.1994).

█ "[When] the issues sought to be precluded were decided by a federal court, as in the case at bar, the Bankruptcy Court must apply the theoretically uniform federal common law of collateral estoppel." *Fed. Trade Comm'n v. Wright (In re Wright),* 187 B.R. 826, 832 (Bankr.D.Conn.1995)(citing *Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 324 n. 12, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).

█ In *Grogan v. Garner,* the Supreme Court endorsed the formulation of the collateral estoppel doctrine as expressed by the Second Restatement of Judgments. *Grogan,* 498 U.S. at 284, 111 S.Ct. 654. "The Restatement (Second) of Judgments articulates the general rule of collateral

estoppel as follows: 'When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *In re Wright*, 187 B.R. at 832. This rule has been reduced to a four-pronged test by various courts. *Davidcraft Corp. v. Baer (In re Baer)*, 161 B.R. 334, 337 (Bankr. E.D.N.Y.1993). A typical formulation of this test states that collateral estoppel will be triggered when:

1. the issues sought to be precluded are identical to those involved in the prior action;

2. the issues' determination in the prior action was essential to the prior judgment;

3. the judgment was a valid and final judgment; and

4. the issues were actually litigated.

*Id.* (citing *Graham v. Billings (In re Billings)*, 94 B.R. 803, 808 (Bankr.E.D.N.Y. 1989)); *see also In re Wright*, 187 B.R. at 832. These elements will be discussed in turn.

### 1. Identity of Issues

The debtor asserts that the issues decided by the District Court are not identical to the issues presented before this Court because the District Court determined that the debtor acted willfully when he infringed the plaintiffs' rights, while the issue in this proceeding is whether the debtor acted willfully and maliciously. It should be noted that the debtor does not allege any significant change in the controlling facts or legal principles or that there are special circumstances here that would warrant an exception to the normal rules of collateral estoppel.

■■ The "identity of issues" analysis requires inquiry into the actual facts found and presented in the earlier litigation. *Jet, Inc., v. Sewage Aeration Sys.*, 223 F.3d 1360, 1366 (Fed.Cir.2000). A court must determine whether "the issues presented by this litigation are in substance the same as those resolved [in the prior litigation]; whether controlling facts or legal principles have [not] changed significantly since the prior litigation; and finally, whether special circumstances warrant exception to the normal rules of preclusion." *Montana v. U.S.*, 440 U.S. 147, 155, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *see also Nat'l Union of Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F.Supp. 276, 284 (S.D.N.Y.1996). The Supreme Court has held that direct identity of issue is not required. *Montana*, 440 U.S. at 155, 99 S.Ct. 970.

■ The debtor's argument that there is a lack of identity of issues fails. The issues decided in the District Court and the issues presented here are in substance the same because the element of willfulness was needed to award enhanced statutory damages in the District Court Action and it is needed here in order for the debt to be found nondischargeable under § 523(a)(6). *See Continental Map, Inc. v. Massier (In re Massier)*, 51 B.R. 229, 231 (D.Colo.1985) *citing Gordon v. Weir*, 111 F.Supp. 117 (E.D.Mich.1953)("Where there has been a willful copyright infringement, the debt occasioned thereby is not dischargeable."); *Compare* 17 U.S.C. § 504(c)(2)(2005)("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.") *with* 11 U.S.C. § 523(a)(6)(*see* discussion below).

■ Debts resulting from a "willful and malicious injury by the debtor to another

entity or to the property of another entity" are nondischargeable. 11 U.S.C. § 523(a)(6). Mere negligence does not constitute "willful and malicious" conduct. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The conduct complained of must be intended to or necessarily cause injury in order for the debt to be determined to be nondischargeable. 4 Lawrence P. King et al., *Collier on Bankruptcy* ¶ 523.12[2], at 523–92 (15th ed.2005).

■ Section 523(a)(6) not only applies to physical injuries resulting from torts, but also to injuries to intangible property rights, such as copyrights. King et al., *supra*, ¶ 523.12[4], at 523–95. "Where there has been a willful copyright infringement, the debt occasioned thereby is not dischargeable." *Continental Map, Inc. v. Massier (In re Massier)*, 51 B.R. 229, 231 (D.Colo.1985)(citing *Gordon v. Weir*, 111 F.Supp. 117 (E.D.Mich.1953)).

■ The term "willful," as used in § 523(a)(6), means "deliberate or intentional." S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5865; H.R.Rep. No. 595, 95th Cong., 2d Sess. 365 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6320; *see also In re Stanley*, 66 F.3d 664, 667 (4th Cir.1995) ("Willful means deliberate or intentional." (quotations omitted)); *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1228 (6th Cir.1991). In *Kawaauhau*, the Supreme Court explained that the word "willful" modified the word "injury," which means that § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Id.* at 62, 118 S.Ct. 974. However, the Supreme Court's opinion also suggests that a specific intent to injure is not necessary. King et al., *supra*, ¶ 523.12[2], at 523–94; *Kawaauhau*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90. Courts gener-

ally analyze the likelihood of injury in the context of determining whether the injury was inflicted willfully. King et al., *supra*, ¶ 523.12[2], at 523–92.

Here, the Magistrate Judge applied the Second Circuit's standard of "willfulness" under the Copyright Act and found that the debtor had actual or constructive knowledge that his actions constituted an infringement of the copyright holders' rights. R & R at 5. The Magistrate Judge also found that the debtor sold the films in deliberate disregard of warnings that he was selling pirated DVDs. R & R at 6. This is sufficient to support a finding of willfulness under § 523(a)(6) because the debtor had knowledge that he was violating the Copyright Act, and continued to do so despite the warnings, demonstrating not only an intent to commit the intentional act of selling the DVDs, but also an intent to inflict injury. The debtor knew that the injury was unavoidable or substantially certain to occur because of his conduct. *See Knight Kitchen Music v. Pineau (In re Pineau)*, 149 B.R. 239, 242 (D.Maine 1993)(The debtor satisfied the willful prong of § 523(a)(6) "when he deliberately and intentionally directed that copyrighted material be played without a valid license.").

■ The term "malicious" means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will. *Voyatzoglou v. Hambley (In re Hambley)*, 329 B.R. 382, 402 (Bankr.E.D.N.Y.2005)(citing *In re Scheller*, 265 B.R. 39, 54–55 (Bankr.S.D.N.Y. 2001)); *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir.1995) ("As used in section 523(a)(6), malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." (quotations omitted)); *Vulcan Coals*, 946 F.2d at 1229.

Malice may be constructive or implied. *Navistar Fin. Corp., v. Stelluti (In re Stelluti),* 94 F.3d 84, 88 (2d Cir. 1996) *citing In re Walker,* 48 F.3d at 1164. Malice may be implied from "the acts and conduct of the debtor in the context of [the] surrounding circumstances." *In re Stelluti,* 94 F.3d at 88, *citing In re Stanley,* 66 F.3d at 668; *see also In re Ikner,* 883 F.2d 986, 991 (11th Cir.1989) ("Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice."). Malice may be found where the debtor breached a legal duty "wilfully in the sense of acting with deliberate intent, in circumstances where it is evident that the conduct will cause injury to the plaintiff and under some aggravating circumstance to warrant the denial of a discharge." *In re Hambley,* 329 B.R. 382, 402, quoting *In re Blankfort,* 217 B.R. 138, 144 (Bankr.S.D.N.Y.1998). Malice will also be implied "when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *In re Hambley,* 329 B.R. at 402.

Here, the Magistrate Judge found that the debtor "clearly had at least constructive knowledge, if not actual knowledge," that the films were copyrighted and that his responses to the anonymous warnings on eBay that the films were "pirated" were "defiant" and demonstrated a "deliberate disregard" for the plaintiffs' rights. R & R at 6. This conduct is malicious because the debtor continued to infringe the plaintiffs' copyrights in spite of, and indeed in defiance of numerous warnings.

The debtor claims that he sold the films to supplement his weekly salary of $250.00. This desire to supplement his income is not sufficient justification for his conduct and does not constitute "cause" which would bring his actions outside the standard of malice. *In re Walker,* 48 F.3d at 1164 ("As used in section 523(a)(6), malicious means wrongful and without just cause").

Therefore, an identity of issues is present because the issue in the District Court and the issues here are substantially the same.

### 2. Necessity of the Issues' Determination

The debtor asserts that the issues sought to be precluded, namely the willfulness and maliciousness of his actions, were not necessary to the District Court's judgment.

Collateral estoppel applies only to those issues necessary to support the previous judgment; therefore, the judgment in the District Court Action must have been dependent on the determination made of the issue in question. *Haring v. Prosise,* 462 U.S. 306, 315, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Mere dicta will not be given preclusive effect. *See McCord v. Agard (In re Bean),* 252 F.3d 113, 118 (2d Cir.2001); *Bollinger Machine Shop and Shipyard, Inc., v. United States,* 594 F.Supp. 903, 911 (D.D.C.1984). An issue may be subsumed in an issue that was explicitly determined. 18 James Wm. Moore, et al., *Moore's Federal Practice* § 132.03[4][c] (3rd ed.2005). In order for a determination of fact subsumed in an earlier judgment to be preclusive in a later action, the determination of that issue must have been necessary to the judgment. *Id.; see also, United States v. Mendoza,* 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) ("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation.").

■ The plaintiffs were awarded enhanced statutory damages in the District Court Action, which are available in copyright actions only when the court finds that the infringer acted willfully. 17 U.S.C. § 504(c)(2). Therefore, the finding of willfulness was necessary to the District Court's judgment. The facts supporting a finding that the debtor's conduct was malicious, specifically his "deliberate disregard" of warnings that he was selling copyrighted material, were found in the context of determining the willfulness of his copyright infringement. *See In re Huber*, 171 B.R. at 753 (precluding the relitigation of facts previously found in the context of determining "bad faith" that supported a determination of "willful and malicious" under § 523(a)(6)). Since the finding that the debtor deliberately disregarded warnings was necessary to the District Court's judgment, the subsumed finding of malice may be given preclusive effect. R & R at 6; Moore, et al., *supra*, § 132.03[4][c].

### 3. Valid and Final Judgment

■ The debtor asserts that the summary judgment decision in the District Court was not a valid and final judgment because he filed his bankruptcy petition during the time he had to object to the report and recommendation and was therefore not afforded an opportunity to effectively object to the Magistrate Judge's findings. The debtor further argues that the automatic stay was in effect when the District Court's judgment was entered.

A party seeking review of a magistrate judge's report and recommendation must file an objection within 10 days after being served with a copy of the recommendation. Moore et al., *supra*, § 72.10.

Here, the debtor filed his bankruptcy petition after the report and recommendation was issued but before the 10–day time period to object to the report and recommendation expired. Therefore, pursuant to 11 U.S.C. § 362, the automatic stay was in effect at the time of the District Court's original judgment in favor of the plaintiffs. 11 U.S.C. § 362 (2005).

However, this Court signed an order lifting the stay retroactively to the date of the bankruptcy petition, allowing the debtor to file objection to the report and recommendation. The debtor, acting *pro se*, then filed an objection asserting defenses on the merits of the claims. After a hearing, the District Court reviewed the Magistrate Judge's report and recommendation *de novo* and found it to be "a thorough consideration of the relevant facts and a precise application of the law." *See* Order at 2, No. 02–01935 (E.D.N.Y. July 1, 2004). The District Court found that the debtor's objection was without merit and adopted the report and recommendation, again, in its entirety. *Id.*

Therefore, even though the original decision of the District Court was during the period in which the automatic stay was in effect, once the automatic stay was lifted, the subsequent decision of the District Court adopting the Magistrate Judge's report and recommendation was not in violation of the stay.

The debtor then filed a notice of appeal of the District Court's decision with the Second Circuit. The debtor defaulted and the appeal was dismissed.

The District Court's judgment is a valid and final judgment. The debtor had an opportunity to object to the report and recommendation, did object, lost on the merits, and appealed the District Court's decision to the Court of Appeals.

### 4. Actually Litigated

The debtor contends that the District Court Action was not actually litigated be-

cause the decision was based on the report and recommendation issued after the plaintiffs' summary judgment motion was granted because of the debtor's default.

 The requirement that an issue be actually litigated to qualify for collateral estoppel does not imply that preclusion is only available for those issues decided after a full evidentiary or adversarial trial. *In re Wright*, 187 B.R. at 833. The issue must have been raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding. *Dolan v. Roth*, 325 F.Supp.2d 122, 133 (N.D.N.Y.2004)(citing *Richardson v. City of New York*, 2004 U.S. Dist. LEXIS 2562, No. 97 Civ. 7676, 2004 WL 325631, at *2 (S.D.N.Y. Feb.20, 2004)).

 Issues decided by summary judgment may be accorded the same preclusive effect as issues decided following a trial. *Creed Taylor, Inc., v. CBS*, 718 F.Supp. 1171, 1177 (S.D.N.Y.1989)(citing *Collins v. Bertram Yacht Corp.*, 42 N.Y.2d 1033, 399 N.Y.S.2d 202, 369 N.E.2d 758 (1977)); *Blythe Indus. v. Puerto Rico Aqueduct & Sewer Auth.*, 607 F.Supp. 1386, 1388 (S.D.N.Y.1985). The Fifth Circuit has stated:

> It would be strange indeed if a summary judgment could not have collateral estoppel effect. This would reduce the utility of this modern device to zero. It would compel the useless ritual of a formal trial to get the equivalent ruling at the end of the evidence ... of a directed verdict. Indeed, a more positive adjudication is hard to imagine.

*Exhibitors Poster Exch. v. Nat'l Screen Serv. Corp.*, 421 F.2d 1313, 1319 (5th Cir. 1970).

 Default judgments, on the other hand, are not always given preclusive effect. *See In re Billings*, 94 B.R. at 809 (finding that the defendant did not have notice of the denial of his *in forma pauperis* applications or the entry of the default judgment against him); *but see Jones v. Wilson (In re Wilson)*, 72 B.R. 956 (Bankr. M.D.Fla.1987) (supporting the proposition that a default judgment satisfies the "actually litigated" prong of the collateral estoppel test). In an action where the preclusive effect of a default judgment is in question, additional considerations are raised because a defendant might disregard the case due to an impending bankruptcy filing. *In re Wright*, 187 B.R. at 834. The defendant would have little incentive to contest the action because he may believe that the bankruptcy discharge eliminates the need to defend the action. *Id.*

 Here, the District Court granted the plaintiffs' summary judgment motion and referred the matter to the Magistrate Judge for the report and recommendation based on the debtor's default. If the District Court's judgment was based solely on the debtor's default, it might not be afforded preclusive effect because of the considerations discussed above. However, the debtor objected to the report and recommendation and a hearing with oral argument was held. The District Court overruled the objections and adopted the Magistrate Judge's report and recommendation in its entirety. The issue of the debtor's willful and deliberate disregard of warnings to desist was actually litigated because it was "otherwise placed in issue and actually determined" at the objection hearing. *See Dolan*, 325 F.Supp.2d at 133.

### Conclusion

Therefore, since collateral estoppel applies to the determination of whether the debtor's copyright infringement was willful and malicious under § 523(a)(6) and since there is no genuine issue of material fact,

the plaintiffs' summary judgment motion is granted and the debt owed to the plaintiffs is nondischargeable. The plaintiffs are directed to settle a separate order and judgment consistent with this opinion.