[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13283
Non-Argument Calendar

_____

D.C. Docket Nos. 3:19-cv-00097-ALB; 17-bkc-80262-WRS


In re:  DEBORAH KAY FANCHER,

                                                                Debtor.

_____

PATRICK ELDON HAAS,

                                                                Plaintiff-Appellant,

                            versus

DEBORAH KAY FANCHER,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 1, 2020)

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Patrick Haas lost a girlfriend and over $200,000 of heavy-equipment mechanics tools on the same day.  In an effort to recoup damages for the latter, he appeals the district court's affirmance of the bankruptcy court's determination that the debt owed him by Deborah Fancher, his former girlfriend, for taking his tools was dischargeable.  The precise issues presented by this appeal are (1) whether the bankruptcy court abused its discretion in granting Fancher's motion to withdraw admissions and denying Haas's motion to strike statements in defendant's response to his motion for summary judgment, and (2) whether the bankruptcy court erred in not granting Haas's motion for summary judgement and ultimately determining that Fancher's debt to Haas was dischargeable.  Pursuant to Fancher's Chapter 7 bankruptcy petition, the bankruptcy court discharged Fancher's $200K debt.  We conclude that the bankruptcy court did not abuse its discretion and did not err.  Accordingly, we affirm on all issues.[1]

---

[1] We note that Fancher did not file a brief in this case.  *See* 11th Cir. R. 42-2(f) ("When an appellee fails to file a brief by the due date . . . the appeal will be submitted to the court for decision without further delay.").

I.

In 2014, Haas obtained a default judgment in the amount of $200,577.69 plus nine percent interest against Fancher.[2]  In 2017, Fancher filed for Chapter 7 bankruptcy as a result of this judgment.  *In re Fancher*, No. 17-80262-WRS (Bankr. M. D. Ala. 2017).  On June 5 of that year, Haas filed an adversary proceeding in the bankruptcy court, arguing that Fancher's debt was not dischargeable under 11 U.S.C. § 523(a)(6).  That section states that a debt is not dischargeable in bankruptcy if the debt is for "willful and malicious injury by the debtor to another entity or to the property of another entity."  *Id.* § 523(a)(6).  Fancher answered the complaint on July 6, denying all allegations in the complaint.

Central to this appeal, Haas served a request for admissions (the "request") on Fancher on August 4, 2017.  Rule 36(a) of the Federal Rules of Civil Procedure requires parties to respond to such requests within 30 days, or else the matter is deemed admitted.[3]  But Fancher did not respond within 30 days.  Therefore, on

---

[2] The underlying events took place in 2010 and 2011.  Haas and Fancher were in a romantic relationship from 2000 to 2010 and lived in Fancher's house in Oregon.  Following an argument in December 2010, Haas left Fancher's house with all that he could carry, leaving behind his expensive set of heavy machinery tools and toolbox.  In subsequent months, the state court modified Fancher's restraining order against Haas to allow him to retrieve his tools.  Following two unsuccessful attempts to retrieve his tools from Fancher's residence while accompanied by a peace officer, Haas ascertained that his tools were no longer in Fancher's possession.  In 2012, Haas sued Fancher in Oregon state court and, in 2014, Haas obtained the $200,577.69 default judgment mentioned above.

[3] Rule 36 provides that:

September 5—31 days after he served the request—Fancher was deemed to have admitted to the matters in Haas's request. *See* Fed. R. Civ. P. 36(a)(3). Nevertheless, in an abundance of caution, Haas filed a "Motion To Have [the] Admissions Deemed Admitted" on September 18.

Following Fancher's deposition on October 20, 2017, the bankruptcy court held a telephonic hearing to consider Haas's motion on October 23. Fancher still had not filed a response to Haas's request, did not appear at the hearing, and did not otherwise defend the motion. The next day, the bankruptcy court issued a written order granting Haas's motion and deemed the matters in Haas's request admitted pursuant to Rule 36(a).

On November 30, 2017, a month after the deadline for discovery and fifteen days after the deadline for pretrial disclosures passed, Haas filed a motion for summary judgment. In large part, Haas's motion for summary judgment relied on the deemed admissions. On December 28, Fancher filed a motion for reconsideration of the prior order granting Haas's motion to deem the matters in the unanswered request admitted. Fancher argued that in her October 20

---

A matter is admitted unless, *within 30 days after being served*, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3) (emphasis added).

deposition, she admitted or denied each of the matters in the request under oath, and that she did not call in or attend the October 23 hearing because she mistakenly believed that the admissions issue had been resolved by her deposition testimony and discovery she had provided in person immediately beforehand in answering interrogatories.  Along with her motion for reconsideration, Fancher included a response to Haas's admissions request, disposing each matter with "denied" or "admitted."

On January 22, 2018, the bankruptcy court conducted a hearing on Fancher's motion to reconsider the deemed admissions and on the motion for summary judgment.[4]  On May 15, 2018, the bankruptcy court held a second hearing on both issues and treated Fancher's motion to reconsider its order as a motion for relief from the deemed admissions, which was in effect a withdrawal of the admissions. The court stated:

> [T]here's a two-part test that the 11th Circuit's prescribed. They look about whether or not granting relief would, number one, subserve the interests of ruling on the merits and, number two, whether it be any prejudice to the opposing party. Applying the two-step standard, I'm going to find that the defendant should be granted relief from the deemed admissions.

---

[4] The bankruptcy court judge that admitted the admissions on October 24, 2017, retired in November 2017.  Thus, a different judge heard the motion for reconsideration and withdrew the admissions.  Following all pretrial motions, a third judge conducted the trial.

The court then issued an order granting Fancher's motion to reconsider, vacating the order admitting the admissions, and withdrawing the admissions.

After Fancher filed her response to Haas's motion for summary judgment, the bankruptcy court denied Haas's motion to strike Fancher's response to summary judgment, denied Haas's motion for summary judgment, and after a short trial held that Haas's default judgment was dischargeable under 11 U.S.C. § 523(a).

On review, the district court affirmed the bankruptcy court on all four rulings. *See generally Haas v. Fancher*, No. 3:19-cv-97-ALB, 2019 WL 3323330 (M.D. Ala. July 24, 2019). First, in regard to the admissions, the district court held that the bankruptcy court did not abuse its discretion withdrawing the admissions because "[Fancher] never made an admission; she simply failed to timely respond to [Haas's] requests. And [Haas] could not have reasonably relied on the admissions because [Fancher] denied these requests for admissions under oath at her deposition. . . . The Bankruptcy Court did not misapply the two-part test nor did it apply some other test." *Id*. at *3.

Second, the district court held that the bankruptcy court did not abuse its discretion in denying Haas's motion to strike because, "[a]t the trial level, motions to strike are properly filed in reference to pleadings, not briefs." *Id*. And here, the bankruptcy court allowed Haas to file a brief in response to Fancher's opposition to

summary judgment which allowed him to make the same points he made in his motion to strike. *Id.*

Third, the district court held that Haas could not appeal the denial of his summary judgment motion because denial of a summary judgment motion is not appealable after a full trial. *Id.* (citing *Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011) ("May a party . . . appeal an order denying summary judgment after a full trial on the merits? Our answer is no. . . . Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion.")).

Fourth, the district court held that that the bankruptcy court did not err as a legal matter or factual matter in finding that the debt was dischargeable because Haas failed to meet his burden at trial to establish that Fancher's actions were willful and malicious. *Id.* at *4  ("There was credible evidence that [Haas's] tools were in the shared house at one point . . . [b]ut there was an almost complete lack of evidence about what happened to the tools after [Haas] and [Fancher] had their Christmas Day fight.")  Haas timely appealed all four issues.  We will address each in turn.

## II.

This court, as a second court of review of a bankruptcy court, independently examines the factual and legal determinations of a bankruptcy court, applying the

same standards of review as the district court.  *See In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).

A lower court is entitled to broad discretion in managing pretrial discovery matters, *see Perez v.  Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002), and its discovery decisions are reviewed for an abuse of discretion.  *United States v. R&F Properties of Lake Cty., Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005).  A denial or grant of a motion to withdraw admissions is thus reviewed for abuse of discretion.  *See Perez*, 297 F.3d at 1263; *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).  The abuse-of-discretion standard is deferential and affords a range of choice to the lower court.  *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).  Nevertheless, an abuse of discretion occurs if the court does not apply the proper legal standard, does not follow proper procedures in making the determination, or relies on clearly erroneous factual findings.  *Id.*

We also review *de novo* any determinations of law and review the bankruptcy court's factual findings for clear error.  *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).  "A factual finding is not clearly erroneous unless this Court, after reviewing all the evidence, [is] left with the definite and firm conviction that a mistake has been committed."  *Id*. (citations and quotations omitted).  The bankruptcy court's determination on dischargeability is a mixed

8

question of fact and law which we review *de novo*.  *See In re Schaeffer*, 515 F.3d 424, 427 (5th Cir. 2008).

## III.

Rule 36(a) of the Federal Rules of Civil Procedures allows a party to serve on another party "a written request to admit, for purposes of the pending action only, the truth of any matters within [general discovery rules] relating to . . . facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1). The served party has thirty days to respond to the request or else the matter is deemed admitted.  Fed. R. Civ. P. 36(a)(3).  Because Fancher failed to respond to Haas's requests for admission within 30 days (indeed, more than four months after service of the requests), Rule 36(a)(3) automatically converted the matter in Haas's requests into admissions.[5]

---

[5] In this regard, we disagree with the district court's findings that "[Fancher] never made an admission; she simply failed to timely respond to Creditor's requests. And [Haas] could not have reasonably relied on the admissions because [Fancher] denied these requests for admission under oath at her deposition."  *Haas v. Fancher*, No. 3:19-cv-97-ALB, 2019 WL 3323330 at *3(M.D. Ala. July 24, 2019).  Under Rule 36(a)(3), not responding within the thirty days is the same as making an admission.  Fancher did not address Haas's request for admissions until her motion to reconsider on December 28, 2017—well over thirty days after Haas's request.  In the bankruptcy court proceedings below, and on appeal to the district court, Fancher argued that she refuted the admissions in her October 20, 2017 deposition.  But upon a review of the record and the limited excerpts from her deposition, Fancher does not address the admissions other than admitting she probably received them in an email but did not recall seeing them.  We find that Haas was not on notice that the admissions were contested.  We also note that the bankruptcy court admitted the admissions on motion *after* the deposition at a telephonic hearing which Fancher failed to attend.

Once a matter is admitted, it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). In its discretion, a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

Echoing Rule 36, we have established that courts in our Circuit must apply a two-part test in deciding whether to grant or deny a motion to withdraw or amend admissions. *Perez*, 297 F.3d at 1264. "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.* This two-part test is not permissive and "[a] district court abuses its discretion under Rule 36(b) in denying a motion to withdraw or amend admissions when it applies some other criterion beyond the two-part test—or grossly misapplies the two-part test—in making its ruling." *Id.* at 1265.

In *Perez*, we found that the district court abused its discretion in not allowing withdrawal of the admissions because (1) the district court failed to mention or apply Rule 36(b)'s two-part test, (2) presentation of the merits was subserved by withdrawal because otherwise the matters deemed admitted would

10

have "conclusively established the liability" of both defendants, and (3) withdrawal

of admissions did not prejudice Perez, the non-moving party. *Id*. at 1265–68.

All three variables apply here. First, the bankruptcy court here stated that

"there's a two-part test," and "[a]pplying the two-step standard" the court found

that Fancher should get relief from the deemed admissions.

Second, the first prong of Rule 36(b)'s test is met: the matters deemed

admitted would have conclusively established the liability of Fancher. For

instance, the matters deemed admitted would have established that "[Fancher]

willfully did not allow [Haas] to pick up his personal belongings and tools" and

"[Fancher] acted with malicious intent when she did not allow [Haas] to pick up

his personal belongings." Granting the motion to withdraw "aided in the

'ascertainment of the truth and development of the merits.'" *Id*. at 1266.

Third, the second prong of Rule 36(b) is met because withdrawal did not

overly prejudice Haas. This court has stated that the prejudice contemplated by

Rule 36(b) is not simply that the party who obtained the admissions will now have

to convince the factfinder of its truth, "[r]ather it relates to the difficulty a party

may face in proving its case, e.g., caused by the unavailability of key witnesses,

because of the sudden need to obtain evidence with respect to the questions

previously answered by the admissions." *Perez*, 297 F.3d at 1266 (quoting *Smith*

*v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988)). Specifically,

"[a] court is more likely to find prejudice when a party seeks to withdraw admissions once trial has begun." *Id.* at 1267. *But see Conlon*, 474 F.3d at 624 (finding withdrawal after two-and-a-half months even before trial to be prejudicial). The withdrawal occurred well before the trial date and allowed him sufficient time to gather evidence and thus did not prejudice Haas. The district court is afforded great discretion in making discovery decisions and, having applied the two-part test, it was within its discretion to withdraw the admissions. *See Perez*, 297 F.3d at 1263; *see also In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994) ("By definition, however, under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call.").

IV.

The bankruptcy court also did not abuse its discretion is denying Haas's motion to strike Fancher's summary judgment brief because, as noted by the district court, motions to strike are more properly filed in reference to pleadings, not briefs. *See* Fed R. Civ. P 12(f) ("The court may strike from a pleading . . .")

V.

Haas's argument that his summary judgment motion should have been granted is similarly unavailing because, as noted by the district court, he cannot appeal a denial of summary judgment after a full trial on the merits. *See Ortiz*, 562

12

U.S. at 183–84; *Lind v. UPS, Inc.*, 254 F.3d 1281, 1284 (11th Cir. 2001) ("[T]he denial of a motion for summary judgment is not reviewable after a trial on the merits has occurred.")

## VI.

Lastly, the bankruptcy court did not err as a legal matter or as a factual matter by finding that Haas failed to meet his burden of proof at trial that Fancher's debt was nondischargeable under § 523(a)(6). A creditor must establish by a preponderance of the evidence that his claim is not dischargeable. *See Grogan v. Garner,* 498 U.S. 279, 287–88 (1991) ("Congress evidently concluded that the creditors' interest in recovering full payment of debts in these [nondischargeable] categories outweighed the debtors' interest in a complete fresh start . . . . [r]equiring the creditor to establish by a preponderance of the evidence that his claim is not dischargeable reflects a fair balance between these conflicting interests."); *see also In re Miller*, 39 F.3d 301, 304 (11th Cir. 1994) (stating that the objecting creditor has the burden of proving each element of the non-dischargeable test "by a preponderance of the evidence"). If any one of the elements of the non-dischargeable test are not met, "the debt is dischargeable." *Miller*, 39 F.3d at 304. Further, "courts generally construe the statutory exceptions to discharge in bankruptcy 'liberally in favor of the debtor,' and recognize that '[t]he reasons for denying a discharge . . . must be real and substantial, not merely

13

technical and conjectural.'"  *Miller*, 39 F.3d at 304 (alteration in original) (quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987).  Here, although the evidence clearly established that the tools were in Fancher's house when Haas left after their argument, the evidence did not clearly demonstrate whether what happened to the tools after the fight constituted a deliberate or intentional injury to Haas.  *See In re Walker*, 48 F.3d 1161, 1165 (11th Cir. 1995) (holding that § 523(a)(6)'s "willful" injury component requires a creditor to show that the debtor committed "an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury").  Accordingly, the bankruptcy court did not err in declining to draw an inference that Fancher sold or stole the tools with the intent to inflict injury upon Haas.  We therefore affirm.

**AFFIRMED.**